http://www.va.gov/vetapp16/Files3/1626416.txt

Citation Nr: 1626416 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 14-05 782 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for an acquired psychiatric disorder, to include depression.

2. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for a sleep disorder.

REPRESENTATION

Appellant represented by: Jan Dils, Attorney at Law

ATTORNEY FOR THE BOARD

W. Yates, Counsel

INTRODUCTION

The Veteran served on active duty for training from November 1974 to June 1975, and on active duty from October 1976 to October 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran is seeking to reopen his previously denied claims of service connection for an acquired psychiatric disorder and for a sleep disorder.

The Veteran reported having a new mailing address on several forms during the course of this appeal. In July 2013, the Veteran's representative filed a formal notice concerning the Veteran's new mailing address.

In January 2014, the Veteran requested a video conference hearing before the Board. In April 2016, the AOJ sent notice to the Veteran, using his old mailing address, that his requested video conference hearing was to be held in June 2016. This notice letter was subsequently returned by the postal service marked undeliverable, and the Veteran did not appear for the hearing. Under these circumstances, the case is remanded for the following action: 

1. Update the Veteran's current mailing address of record, as noted in July 2013 and February 2016 correspondence from his representative.

2. The Veteran must then be scheduled for a Board video conference hearing at the RO in accordance with his request. A copy of the notice letter advising him of the time and place to report should be placed in the claims file. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).